## Ruggiero License

*Joseph M. Loughran*, for appellant.

*Andrew G. Uncapher*, for Pennsylvania Liquor Control Board.

BAUER, J., December 14, 1949.—This case comes before the court on an appeal by Michael Ruggiero, trading as Ruggiero's Hotel, from the action of the Pennsylvania Liquor Control Board in refusing to issue a hotel liquor license.

In accordance with the act of assembly, a hearing was held on the appeal and testimony was taken. The

Pennsylvania Liquor Control Board, in refusing to grant the license, found the following facts:

"1. The establishment is not actually in operation as a bona fide hotel in that food is not regularly prepared for the public, also the supply of food and the facilities for the preparation of food are insufficient.

"2. The toilet facilities in the establishment are not properly arranged nor adequate to accommodate hotel patrons and guests.

"3. In order to pass from the proposed licensed premises in the basement of the establishment to the other parts of the hotel or the upper floors, it is necessary to go through the basement laundry room and the first floor kitchen unless the patrons go outside the building and enter by another door.

"4. While the establishment does have 12 bedrooms equipped for transient guests as prescribed in the Act of June 24, 1939, P. L. 806, it appears that the establishment had been hastily converted in an attempt to qualify under the previous hotel requirements and for the sole purpose of obtaining a liquor license in excess of the quota."

The first finding of fact cannot be sustained because the evidence adduced at the hearing de novo shows that this hotel is bona fide and that food is regularly prepared for the public. The testimony also clearly indicates that since the first inspection by the inspectors for the Liquor Control Board, there has been an ample supply of food on hand at all times and that a large new stove and other kitchen equipment have been installed for the preparation of food in the hotel kitchen.

The history of the applicant hotel clearly shows that since the year 1947 it was Mr. Ruggiero's intention to establish a hotel in the Village of Hostetter, Westmoreland County, Pa., but that for several years he was unable to complete the hotel because of insufficient funds. However, since the filing of the application there has

been a new kitchen built in the basement of the establishment which adjoins the dining room and is adequate for the serving of all the food the public requires in the small Village of Hostetter. It therefore appears that the first finding of fact should be overruled.

The second finding of fact must also be overruled. At the hearing de novo, counsel for the Liquor Control Board and counsel for applicant stipulated and agreed that the testimony taken before the board should constitute a part of the record upon which this appeal should be decided, and as well, considerable additional testimony in behalf of appellant was also taken by the court upon hearing de novo. It appears from the testimony that in this small Village of Hostetter, appellant hotel is the only hotel available for transient guests, and that there is a need for a hotel to accommodate transients in the village; however, we did find that the hotel has running water and a bath and toilet on the second floor and a toilet in the basement which we believe to be sufficient to accommodate the hotel patrons and guests. The hotel register shows that many guests have been accommodated and some of them testified at the hearing as to the excellent service they received in this establishment, which clearly indicates to the court that the owner is running a good establishment.

The third finding of fact for the refusal of the license must also be overruled because the testimony clearly established the fact that it is not necessary at the present time to go through the basement laundry room in order to reach other parts of the hotel or the upper floors. The present set-up of the establishment does not require patrons to enter by another door in order to avoid the basement laundry room or the basement kitchen.

In view of the facts as stated above, i.e., that this man, when building the hotel in 1947 did contemplate

establishing a hotel upon these premises, the fourth finding of fact must be overruled.

Under the facts and circumstances of this case, the board, in our opinion, abused its discretion in refusing the application. The court, therefore, enters the following decree:

And now, to wit, December 14, 1949, after hearing and after due and careful consideration, it is ordered, adjudged and decreed that the appeal be and the same hereby is sustained, and the Pennsylvania Liquor Control Board hereby is directed to issue to Michael Ruggiero, trading as Ruggiero's Hotel, a hotel liquor license as prayed for, for premises located at Hostetter, Unity Township, Westmoreland County, Pa., upon his conforming with the requirements of the Liquor Control Board as to filing fee, bond and license fee, and with the law, rules and regulations of the Liquor Control Board in such case made and provided.